[Civ. No. 601.   Second Appellate District.—March 22, 1909.]

## MARIETTA E. CARLSON, Appellant, v. CHARLES CARLSON, Respondent.

DIVORCE—DECREE FOR WIFE—FINDINGS—WIFE'S SEPARATE PROPERTY—IMPROVEMENTS — COMMUNITY PROPERTY—SALE—JURISDICTION.—In an action for divorce, when an interlocutory decree has been granted to the wife, and the court finds that, after marriage, the wife inherited $1,000, and used $450 of the same in the purchase of real estate, and used the residue in building a house on the separate estate of the husband, and for household expenses, after which she borrowed $800, and built a house on her separate property, on which defendant labored two months, and afterward gave her $800 to pay off the mortgage, and that the improvements were worth $1,000, the court had no jurisdiction upon these findings to adjudge that the improvements on the wife's separate estate are community property, and to order the same sold unless plaintiff pays $500 to the husband.

ID.—EFFECT OF LABOR AND EXPENDITURES ON SEPARATE PROPERTY.—Labor or expenditures incurred by the husband in the improvement of the wife's separate property have no operation in the direction of the title; and in the absence of any specific agreement to that effect, no lien would be created on account of such labor or expenditures; but they at most create a demand, which, under certain circumstances, may be enforced as a claim against the owner.

ID.—PRESUMPTION—INTENTION OF HUSBAND.—In the absence of a showing of an agreement to the contrary, it must be presumed that it was the intention of the husband to advance the money paid for the benefit of the wife's estate, and that it was intended to accrue to her interest.

ID.—PAYMENT MADE BY WIFE FOR HUSBAND'S BENEFIT—INDICATION FROM PAYMENT BY HUSBAND.—The mere fact that the husband delivered to the wife a certain sum of money, under the circumstances found by the court, may as well be said to indicate a repayment of the original investment made by her in his separate estate, or a loan, or a gift, as an intention to acquire a community interest in her property.

ID.—POWER OF HUSBAND AND WIFE BY AGREEMENT—TRANSMUTATION OF PROPERTY.—The husband and wife may contract with each

other, and may by express agreement transmute the separate property of either into community property.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellant.

Charles S. McKelvey, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from a portion of a judgment made and entered against her and in defendant's favor.

The action was one for divorce and alimony based upon grounds of failure to provide and desertion. The answer denied all allegations of the complaint and alleged that all of the community property, which was of the value of $8,000, was in plaintiff's possession, and prayed for a dismissal of the action with costs.

The court found that all of the allegations of the complaint as affecting defendant's conduct were true and granted to plaintiff an interlocutory decree of divorce. It also found that plaintiff, after her marriage with defendant, inherited about $1,000, of which sum she applied $450 to the purchase of certain real estate, taking the title thereto in her own name and as her separate estate; that the residue of such sum was employed in the construction of a house upon the separate property of defendant and in payment of certain household expenses; what amount of such residue was applied to each of these purposes is not disclosed; that after plaintiff acquired the described property she borrowed $800 and executed a mortgage thereon as security and used the money in constructing a house upon said lot; that in the construction of such house the defendant labored about two months; that several months thereafter defendant delivered to plaintiff the sum of $800 in money and authorized and instructed her to use the same in paying off the mortgage theretofore executed, which plaintiff did; that plaintiff has been at all times in the possession of said property, claiming the same as her separate estate; that the value of the improvements placed by

plaintiff on said lot is $1,000. The court as a conclusion of law finds, and we think it but a conclusion of law (*Levins* v. *Rovegno,* 71 Cal. 278, [12 Pac. 161]), that such improvements are community property and defendant is entitled to one-half thereof, and directs plaintiff to pay defendant $500 within ten days, and in default that the premises be sold and out of the proceeds defendant be paid $500. The judgment awards to plaintiff a decree of divorce and directs the payment of the above-mentioned sum, or a sale of the premises upon default. From the portion of the judgment which directs the payment of the money, or the sale of the property, plaintiff appeals upon the judgment-roll.

The findings of fact above stated are not at all consistent with certain other findings, which are to the effect that plaintiff borrowed the money, executed the mortgage on the lot described, built the house thereon, and defendant delivered to her the money to pay off the mortgage, all before their marriage, which, if true, would amount to no more than a business transaction between strangers and the relation of debtor and creditor be thereby created, and on account of which payment defendant's sole relief would be a civil action to recover the debt. There is nothing in the pleadings which would warrant a court, under these last-mentioned circumstances, in rendering a judgment in defendant's favor for the money so loaned. We have assumed, however, that the finding in relation to the date of the marriage is incorrect, occasioned by a typographical error, and that in truth all of the occurrences mentioned were subsequent to the marriage, as found by the court, and accordingly treat the matters as all being transactions between husband and wife.

The question for determination upon this appeal is whether or not the judgment directing the payment of said sum of $500 and the sale of the premises is warranted by the findings; that is to say, had the court, under the facts found, any jurisdiction or authority to order the premises sold, or had it any jurisdiction or authority under the facts to declare a lien thereon, or an interest therein, in favor of defendant? That the property involved is and was at all times mentioned the separate property of plaintiff, unless some contract or agreement entered into between plaintiff and defendant with relation thereto changed its character, cannot well be ques-

tioned. Labor or expenditures incurred in the improvement of the property have no operation upon the direction of the title. They, at most, but create a demand which, under certain circumstances, may be enforced as a claim against the owner. (*Noe* v. *Card,* 14 Cal. 606.) In the absence of any specific agreement, no lien would be created on account of money expended by a husband upon the separate property of the wife. (*Peck* v. *Brummagim,* 31 Cal. 450, [89 Am. Dec. 195].) The law will not infer from such expenditures alone an agreement either to change the character of the property or an intent to charge the same with a lien. It must rather be presumed that it was the intention of the husband to advance the money paid for the benefit of the wife's estate and that it was intended to accrue to her interest. (*Flournoy* v. *Flournoy,* 86 Cal. 294, [21 Am. St. Rep. 39, 24 Pac. 1012].) There is no finding of any fact, nor is there anything in the record tending to rebut the presumption, that the payment by the husband was to accrue to plaintiff's interest. The mere fact that the husband delivered to the wife a certain sum of money, under the circumstances found, may as well be said to indicate a repayment of the original investment by her in his separate estate, or a loan or a gift, as an intention to acquire a community interest in her property. The conclusion of law by the trial court deduced from the facts found, namely: "that the improvements upon the lot so purchased by said plaintiff is community property," seems to us to be without foundation. That in such divorce proceedings the court had no jurisdiction to make an order affecting the separate property of the wife is not questioned; the property ordered sold in default of the payment by plaintiff of $500 was her separate estate, in which defendant had no interest and on which he had no lien, is made apparent by the findings of fact. We are of opinion that under such findings the court was without jurisdiction to order a sale of plaintiff's separate property, or, under the pleadings, to render a personal judgment against plaintiff, or to decree a lien against her property in favor of defendant. The law, however, being that by a valid agreement husband and wife may transmute the separate estate of either into community property (*Yoakam* v. *Kingery,* 126 Cal. 33, [58 Pac. 324]), it may be that upon another hearing such an agreement may be proven

and the ends of the justice best subserved by ordering a new trial as to such property rights, rather than a modification of the judgment.

It is, therefore, ordered that that portion of the judgment appealed from be reversed and cause remanded to the superior court for a new trial as to the rights of the parties in relation to the property in controversy.

Shaw, J., and Taggart, J., concurred.