[Sac. No. 4371. In Bank.—February 25, 1931.]

LOREN B. DUNN, as Administrator, etc., Appellant, v. HELEN MULLAN et al., as Administratrices, etc., et al., Defendants; HELEN MULLAN, etc., et al., Respondents.

Foltz, Rendon & Wallace for Appellant.

Nutter, Hancock & Rutherford and A. P. Hayne for Respondents.

THE COURT.—Action to quiet title. Plaintiff, as administrator with the will annexed to the estate of Patrick J. Lyons, deceased, sought to quiet title to certain described property consisting of sixty-eight acres located in the San Joaquin Valley. Patrick J. Lyons and Margaret Lyons were husband and wife, their marriage occurring in the year 1913, and continuing up to the time of the death of Patrick J. Lyons on the ninth day of June, 1924. His wife, Margaret Lyons, died the following day. Patrick J. Lyons by will left all of his property to his wife, and Margaret Lyons by will left all of her property to her husband. By virtue of the fact that her husband predeceased her, Margaret Lyons became entitled to all of the property by the terms of his will and to all practical purposes died intestate. The property in controversy at the time of their death stood in the name of both Patrick J. Lyons and Margaret Lyons; thirty-eight acres of it having been conveyed to them by deed dated June 28, 1917, and the remaining thirty acres having been conveyed to them by deed dated November 28, 1917. It appears without dispute that in each deed of conveyance Patrick J. Lyons and Margaret Lyons were named the grantees as husband and wife. It further appears that on June 28, 1917, they executed a trust deed to the thirty-eight acre parcel to secure the payment of $3,000 and on November 28, 1917, they executed a trust deed to the thirty acre parcel to secure the payment of an amount not indicated in the record. On November 30, 1917, a reconveyance by the holders of the trust deed, covering the thirty-eight acre parcel was made to both husband and wife, and on August 8, 1919, a reconveyance by the holders of the trust deed covering the thirty acre parcel was made to both

husband and wife. Subsequent to the acquisition of the sixty-eight acres, a five or six room bungalow with concrete basement, barn, garage and tank-house was constructed. These improvements, according to the testimony of the inheritance tax appraiser of San Joaquin County, who in that capacity had made the appraisement for the estate of Margaret Lyons, deceased, were of the reasonable value of $5,000.

The suit to quiet title was opposed by the joint administratrices of the estate of Margaret Lyons and the findings were in accordance with the answer filed by one of the administratrices in which she alleged that one-half of the property involved was the separate property of the deceased wife and the remaining one-half interest was the community property of the deceased wife and her deceased husband.

The judgment of the trial court, based on said findings, was to the effect that on the date of the death of Patrick J. Lyons, his wife, Margaret Lyons, was the absolute owner of an undivided one-half interest in and to all of the real property described in the complaint as her separate property; that the remaining one-half undivided interest in said real property was the community property of Patrick J. Lyons and his wife, Margaret Lyons, and that immediately upon the death of Patrick J. Lyons said community property became vested in Margaret Lyons, as his surviving wife, by and pursuant to the terms of the last will and testament of said Patrick J. Lyons, deceased; that the administrator of the estate of Patrick J. Lyons, deceased, was entitled to the possession of the undivided one-half interest in said real property which was the community interest for the purpose of the administration of the estate of Patrick J. Lyons, deceased; and that the administratrices of the estate of Margaret Lyons, deceased, were entitled to the possession of the remaining one-half interest which was the separate property of Margaret Lyons for the purpose of the administration of the estate of said Margaret Lyons, deceased. It was further ordered, adjudged and decreed that the heirs of Patrick J. Lyons were entitled to a one-half interest in the community property [which interest was, therefore, a one-fourth interest in the entire property in controversy], and that the heirs of Margaret Lyons were entitled to a one-half interest in the community property and to the whole

of the separate property of Margaret Lyons [which interest was, therefore, a three-fourths interest in the entire property in controversy]. From this judgment, the administrator of the husband's estate has appealed on the judgment-roll and bill of exceptions.

No evidence was offered as to the source of the funds used for the purchase price of the two parcels of land. The deeds in which the wife was named as one of the grantees were offered in evidence, and the presumption expressed in section 164 of the Civil Code that "in case the conveyance is to such married woman and her husband, . . . the presumption is that the married woman takes the part conveyed to her, as tenant in common, unless a different intention is expressed in the instrument" was relied upon in support of the claim that an undivided one-half interest in the property belonged to the wife as her separate property. Neither was there any evidence offered as to the source of the funds used to pay off the encumbrances represented by the trust deeds or to pay for the improvements constructed on the land. An attempt was made on behalf of the administrator of the husband's estate to show that a portion of the purchase price was the proceeds of money owned by the husband before marriage, but the finding of the trial court was against this claim, and it is conceded by appellant that the evidence offered in that behalf was not sufficient to overcome the presumption that it was community funds.

Appellant contends, first, that if under the presumption set forth in section 164 of the Civil Code, the wife is to be deemed to hold her share of the property as her separate property as a tenant in common, it must necessarily follow that the husband holds his share of the property as his separate property as a tenant in common and not as community property. It would follow therefrom, it is argued, that if an undivided one-half interest in the property were the separate property of the husband, upon the death of his wife without issue, the heirs of the husband under subdivision 8 of section 1386 of the Civil Code would be entitled to this undivided one-half interest which had been the husband's separate property. Although we may concede that there appears to be some merit in this contention, nevertheless in view of the fact that it is definitely and distinctly held in *Miller* v. *Brode*,

186 Cal. 409, 414 [199 Pac. 531], and *Estate of Regnart,*
102 Cal. App. 643 [283 Pac. 860], that deeds naming as
grantees both husband and wife presumptively vest prop-
erty in spouses as tenants in common, the interest con-
veyed to the wife being presumed under section 164 of the
Civil Code to be her separate property and that conveyed
to her husband the community property of the marriage,
we think this question is no longer open to controversy.
(Cal. Jur., Supp. 1930, Community Property, sec. 51, p. 76.)

An attempt is made to distinguish these cases from the
instant case upon the ground that in each of the cited
cases some evidence that the property was purchased with
community funds was adduced in support of the findings,
whereas in the instant case the findings are supported only
by a presumption. The cases cannot, however, be distin-
guished upon this ground, for the reason that it has
been repeatedly held that the presumption, although dis-
putable and susceptible of being overcome by other evidence,
is a form of evidence under section 1957 of the Code of
Civil Procedure and unless controverted the court is bound
to find in accordance with said presumption. (*Estate of
Jolly,* 196 Cal. 547 [238 Pac. 353].)

It follows that in so far as this objection is concerned, the
findings of the trial court that Margaret Lyons at the date
of the death of her husband was the owner of an undivided
one-half interest in said property as her separate property,
and that the remaining undivided one-half interest in said
property was held by the husband as community property
was correct, and the judgment based thereon must be
affirmed.

Appellant, however, contends that the marital com-
munity was entitled to compensation or contribution for
sums advanced by it in making improvements and paying off
the trust deeds upon the wife's separate property and that
the court erred in quieting title to one-half of the property
as the separate property of the wife without requiring as a
condition precedent thereto that reimbursement be made to
the community for one-half of the improvements made and
encumbrances discharged with community funds.

We cannot agree with appellant's contention. At the
very outset appellant admits that title to an undivided one-
half interest in the improvements was vested in the wife

by virtue of her ownership of an undivided one-half interest in the real property. This is necessarily so for it is the general rule that improvements made during marriage on the separate property of either husband or wife, although with community funds, belong to the spouse owning the separate property. (21 Cyc. 1648; *Peck* v. *Brummagim,* 31 Cal. 440 [89 Am. Dec. 195]; *Shaw* v. *Bernal,* 163 Cal. 262, 267 [124 Pac. 1012, 1014]; *Potter* v. *Smith,* 48 Cal. App. 162 [191 Pac. 1923]; *Smith* v. *Smith,* 47 Cal. App. 650 [191 Pac. 60].) Appellant also concedes, as indeed he must, that no lien was created in favor of the community on account of the expenditure of community funds by the husband. This rule is also well established. (*Peck* v. *Brummagim, supra; Carlson* v. *Carlson,* 10 Cal. App. 300, 303 [101 Pac. 923]; *McRae* v. *McRae,* 67 Cal. App. 480 [227 Pac. 933]; *Flournoy* v. *Flournoy,* 86 Cal. 286 [21 Am. St. Rep. 39, 24 Pac. 1012].) In *Carlson* v. *Carlson, supra,* the court said: "In the absence of any specific agreement, no lien would be created on account of money expended by a husband upon the separate property of the wife. . . . The law will not infer from such expenditures alone an agreement either to change the character of the property or an intent to charge the same with a lien. It must rather be presumed that it was the intention of the husband to advance the money paid for the benefit of the wife's estate, and that it was intended to accrue to her interest."

We think the same reasoning which warrants a presumption that a husband did not intend by the expenditure of community funds for the benefit of his wife's separate property to create a lien upon said property compels the conclusion that he did not expect repayment for the community funds expended by him to improve his wife's separate property or to relieve it of an encumbrance. It is well established that if a husband conveys to his wife his separate or community property, the mere fact of the conveyance itself will raise the *prima facie* presumption that he intended the conveyance to be a gift. It has also been held that any moneys furnished by the husband before or after marriage in payment of the purchase price of property taken in the separate name of the wife will be presumed to be intended as a gift and this presumption has been extended to apply when a man prior to marriage procured a

deed to property to be taken in the name of his intended wife and thereafter paid off a trust deed thereon with his own separate property. (*Alferitz* v. *Arrivillaga*, 143 Cal. 646 [77 Pac. 657]; *Kimbro* v. *Kimbro*, 199 Cal. 344, 347 [249 Pac. 180].) With like reason, we think it may be presumed that if a husband expended community funds for the benefit of his wife's separate property he intended, in the absence of any evidence of a contrary intent, such improvements or benefits to be a gift, and that he made such expenditures without expectation of repayment.

This conclusion is not impaired by the fact that in some of the community property states it has been held generally that the separate estate of one member of the community must reimburse the community for improvements made in good faith upon the separate lands of either. (*Rice* v. *Rice,* 21 Tex. 58; *Sims* v. *Billington*, 50 La. Ann. 968 [24 South. 637]; *Legg* v. *Legg,* 34 Wash. 132 [75 Pac. 130].) ▮ In California a distinction is made between the case where, as here, the husband has improved his wife's lands with community funds and where he has improved his own lands with community funds. In the former case he is presumed to have intended a gift. In the latter case a right of reimbursement is granted to the wife upon the theory that to permit a husband to appropriate the community property under his management to his own separate use operates as a constructive fraud upon his wife. (McKay on Community Property, 2d ed., sec. 1017, p. 661.) The reason underlying this distinction is well expressed in *Provost* v. *Provost,* 102 Cal. App. 775 [283 Pac. 842]. In that case findings had been made by the trial court that the husband after improving his separate property at the expense of the community had deeded the property to a daughter by a prior marriage for the fraudulent purpose of depriving his wife of her right to separate maintenance, and it was held therein that the wife through proper proceedings and pleadings had a right to compensation in the amount of her share in the community, measured by the improvement that such property had effected in his separate property After a careful analysis of the California cases dealing with the question of the expenditure of community funds upon the separate property of a spouse, the court points out that all of these cases, with one exception, involved a situation where a husband

had expended community funds upon the separate property of the wife and said: "It is apparant that the reason back of each of these decisions stressed in the opinion on the subject, . . . , is that a husband had authority to control the disposition of the community funds, and that he voluntarily annexed them to the separate property of the wife, who exercised no such power. From these facts the intention of the husband is presumed to have been that the improvements made with the community money should become a part of the separate property of the wife. To merely state a case where the facts are reversed and the husband spends community funds in improving his own separate estate is to make manifest the palpable impropriety of applying these decided cases as precedents for holding that, simply because community property is annexed to the separate property of one of the spouses the whole is thereby for all purposes the separate property of that spouse. Since the facts are reversed logic compels the conclusion that the community funds do not merge in the separate property where the husband without the consent of the wife, improved his own separate property with that belonging to the community. To hold otherwise would be to permit the authority of the husband in controlling the community property, given him in the interest of greater freedom in its use and for its transfer for the benefit of both himself and his wife, to become a weapon to be used by him to rob her of every vestige of interest in the community property with which the law has expressly invested her. Such a conclusion would violate every sense of justice, and outrage every principle of fair dealing, known to the law."

■ Appellant stresses the fact that the wife is presumed to hold her separate property as a tenant in common, and insists that, entirely eliminating from consideration the question of the right of the marital community for reimbursement by virtue of the expenditure of community funds, a lien exists by reason of the relationship of tenancy in common and that this lien is enforceable in favor of the community irrespective of the existence of the marital relationship.

Conceding it to be true, as appellant alleges, that a tenant in common who has paid a debt or obligation for the benefit of the joint property is entitled as a matter of right to have

his cotenant refund to him a proportionate share of the amount paid and that it is proper to provide in the decree of partition that the share of the latter be charged with a lien (*Rich* v. *Smith,* 26 Cal. App. 775 [148 Pac. 545]; *Willmon* v. *Koyer,* 168 Cal. 369 [L. R. A. 1915B, 961, 143 Pac. 694]), it is at once apparent that a conflict exists between the rules arising out of the marital relationship and those arising out of the relationship of tenancy in common. The community property system is a comprehensive system governing and controlling all of the property rights and obligations of those spouses during the continuance of the marital relationship or arising from such relation, and in case of a conflict there is no question in our minds but that the rules arising from the existence of the marital community must prevail.

Moreover we are of the opinion that the judgment herein might well be affirmed upon the ground that there being no lien upon the separate property of the wife, an action to quiet title was not the proper action for a determination of whether or not the marital community was entitled to reimbursement. The complaint was in the ordinary form of an action to quiet title containing the usual averments of ownership, possession, etc., of the described property, and nothing contained in any of the pleadings or even in the specifications of error indicates that a claim for reimbursement was presented to or adjudicated by the trial court. Apparently the purpose of this action brought pending the administration of the estates of the deceased husband and wife was to predetermine, prior to the decree of final distribution, the rights of the respective heirs of the husband's and wife's estates. Although an action to quiet title may be a permissible action to determine the status of the property of the spouses, it is not a proper action for an adjudication of all claims and possible equities existing between the estates.

In *Shaw* v. *Bernal, supra,* which was a suit in the nature of an action to quiet title brought by the surviving husband against the executor of the will of his deceased wife to determine whether or not certain property was the community property of the spouses, the court expressly declined to consider the question of whether or not the community was entitled to reimbursement, saying: ''The authorities hold that the most that the marital partnership may acquire

under such circumstances, if anything, is a right to reimbursement to the extent of the value added to the property by the improvements. Whether the right of reimbursement exists in such cases is not at all involved in this proceeding, and we express no opinion thereon."

The judgment is affirmed.