[Civ. No. 4469. Third Appellate District.—December 11, 1931.]

AUGUSTA M. SPRENG, Appellant, v. CHARLES G. SPRENG et al., Respondents.

Martindale & Bullington for Appellant.

Andreani, Haines, Bisher & Carrey and Jacob F. Schwartz for Respondents.

PRESTON, P. J.—Plaintiff and appellant Augusta M. Spreng brought this action against her husband Charles G. Spreng and Henry M. Baker and Laura B. Baker, his wife, to establish her community interest in certain real property

in the city of Los Angeles, and for an accounting of the proceeds thereof and for other equitable relief.

Charles G. Spreng was not served with summons and did not appear in the action. The other defendants answered and denied the allegations of the complaint, and pleaded a number of special defenses, among them being "the claims of plaintiff are barred by the provisions of section 172a of the Civil Code. . . ."

The case came on for trial before the court without a jury and after some preliminary discussion an attempt was made by plaintiff to introduce certain evidence. Defendants Baker and wife objected to the introduction of any evidence upon the ground that the action was barred by the provisions of section 172a of the Civil Code and, also, upon the ground that the second amended complaint upon which plaintiff was proceeding to trial failed to state facts sufficient to constitute a cause of action. A motion was also made to dismiss the case "with prejudice". The objections were sustained and the motion granted and the case was finally dismissed and a judgment of dismissal was entered. From this judgment the plaintiff Augusta M. Spreng prosecutes this appeal.

The facts, which are alleged in her second amended complaint in great detail, are briefly these: Plaintiff and Charles G. Spreng were married in Orange County, California, on November 21, 1906, and, so far as the record shows, are still husband and wife. At the time of their marriage Charles G. Spreng owned three parcels of land situate in Orange County, designated in the second amended complaint as parcels 2, 3 and 4, all of which stood of record in his name. Parcels 2 and 3 were unimproved agricultural lands. Parcel 4 was improved and was the home of plaintiff and Charles G. Spreng from the time of their marriage until 1912. Plaintiff contributed $1400 of her separate money in the maintenance and improvement of all of the lands and thereby enhanced the value thereof. Community earnings also went toward the improvement of all three parcels.

No change whatever was made in the record title to any of said lands until the year 1912, at which time Charles G. Spreng exchanged the three parcels of land in Orange County for property in the city of Los Angeles, which is

the property involved in this action. The deed to the Los Angeles property was taken in the name of Charles G. Spreng alone. Thereafter, and on March 25, 1919, Charles G. Spreng entered into an agreement in writing with the defendants and respondents Henry M. Baker and Laura B. Baker, his wife, wherein he agreed to sell and convey to them the Los Angeles property, under certain specified conditions contained in the agreement.

Thereafter Charles G. Spreng brought an action against Henry M. Baker and Laura B. Baker to have the validity of said agreement determined. After trial judgment was rendered adjudging said agreement to be a valid and subsisting contract and further adjudging that the respondent Baker and wife had performed each and every term and condition contained in said agreement to be performed by them. This judgment became final. Pursuant to said agreement and judgment and on April 1, 1924, the said Charles G. Spreng conveyed said property to Henry M. Baker and Laura B. Baker by a grant, bargain and sale deed. Respondents Baker and wife, as part of the purchase price, executed to Charles G. Spreng a promissory note secured by a deed of trust on said property. Thereafter and on March 30, 1928, more than four years after the property was conveyed to Baker and wife by Charles G. Spreng he (Charles G. Spreng) executed to plaintiff (his wife) a quitclaim deed, describing the property which he had conveyed on April 1, 1924, to said Henry M. Baker and Laura B. Baker.

This quitclaim deed appears to be the basis for appellant's claim to a community interest in the Los Angeles property.

It is clear from this statement of facts alleged that plaintiff and appellant Augusta M. Spreng has no interest in the Los Angeles property and therefore no cause of action against respondents Henry M. Baker and Laura B. Baker and that the judgment of dismissal was right and proper.

Appellant acquired no interest in the property in question by virtue of the quitclaim deed from her husband Charles G. Spreng, for the simple reason that he had more than four years prior to the execution of said quitclaim deed *conveyed all of his title in the property to the respondents, Henry M. Baker and Laura B. Baker, his wife.*

■ Appellant contends that the deed executed by her husband Charles G. Spreng to Henry M. Baker and Laura B. Baker on April 1, 1924, did not convey her community interest in the property and, therefore, she is entitled to assert such interest at this time, by virtue of said quitclaim deed.

As we have already seen, the property exchanged for the property in question, was *the separate property of Charles G. Spreng and the deed to the property received in exchange therefor was dated July 13, 1912, and named Charles G. Spreng alone as grantee.*

The title remained in Charles G. Spreng until he conveyed it to respondents on April 1, 1924. These facts show that the property received in exchange for the separate property of Charles G. Spreng and conveyed to respondents on April 1, 1924, was also the *separate property of Charles G. Spreng,* and that appellant's signature to said deed of conveyance was not necessary to pass the entire title to the grantees. ■ If Charles G. Spreng did expend community funds or the separate funds of appellant in making improvements on his separate property, the character of the property so improved was not changed thereby. As between them, in the absence of any specific agreement to the contrary, the title to the improvements follows the land. (*Carlson* v. *Carlson,* 10 Cal. App. 300 [101 Pac. 923] ; *Shaw* v. *Bernal,* 163 Cal. 262 [124 Pac. 1012] ; *Dunn* v. *Mullan,* 211 Cal. 583 [296 Pac. 604] , and cases there cited; *Estate of Barreiro,* 86 Cal. App. 764 [261 Pac. 509].) No such agreement is here alleged.

If appellant's community or separate funds were so expended by Charles G. Spreng she would undoubtedly have the right in a proper action for that purpose, if seasonably begun, to recover from Charles G. Spreng alone a sum of money equal to the value added to the separate property by reason of the expenditure of her separate or community funds thereon. (*Provost* v. *Provost,* 102 Cal. App. 755 [283 Pac. 842] ; *Estate of Barreiro, supra; Dunn* v. *Mullan, supra.*) But such is not the character of the action before us.

■ However, conceding for the sake of argument, that the property involved in this action was community property of appellant and Charles G. Spreng it clearly appears

that it was acquired in 1912 and long before the amendment of section 172 and the enactment of section 172a of the Civil Code of 1917 (Stats. 1917, p. 829). This being the case, appellant had but a mere expectancy and not a title or interest in the community property which she would convey by joining in the deed. Therefore Charles G. Spreng had the absolute right to convey this property to respondents for a valuable consideration and appellant's signature to the deed of conveyance was wholly unnecessary. (*Roberts* v. *Wehmeyer*, 191 Cal. 601 [218 Pac. 22]; *Stewart* v. *Stewart*, 204 Cal. 546 [269 Pac. 439]; Id., 199 Cal. 318 [249 Pac. 197]; *Ososke* v. *Kalinowsky*, 209 Cal. 45–50 [285 Pac. 318, 321]; *Spreckels* v. *Spreckels*, 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Knaugh* v. *Baender*, 84 Cal. App. 142–150 [257 Pac. 606]; *McKay* v. *Lauriston*, 204 Cal. 557–566 [269 Pac. 519]; *Perelli-Minetti* v. *Lawson*, 205 Cal. 642 [272 Pac. 573]; *Staton* v. *Buster*, 79 Cal. App. 428 [249 Pac. 878].)

In *Ososke* v. *Kalinowsky, supra,* the court said: ''The real property was acquired prior to the amendment in 1917 (Stats. 1917, p. 829) of section 172 of the Civil Code, which deals with the management and control of community property. The husband, therefore, had the absolute management and control thereof and could sell or encumber the same without his wife's consent.''

There is no merit in appellant's contention that there was no consideration for the deed from Charles G. Spreng to Baker and wife. The contract made a part of the complaint shows a valuable consideration. A written instrument is presumptive evidence of a consideration. (Sec. 1614, Civ. Code.) There is no allegation in the complaint sufficient to negative this presumption and the burden of showing want of consideration to support the deed lies with appellant. (Sec. 1615, Civ. Code.)

Furthermore, the validity of the contract between Spreng and the Bakers was adjudicated by the judgment set forth in the second amended complaint.

Further conceding that appellant is correct and the property in question is community property and that Charles G. Spreng had no right to convey it without appellant joining in the deed, nevertheless, her right of action is barred by the provisions of section 172a of the Civil Code,

because this action was not commenced until more than one year after the deed in question was made. In fact, it was over four years.

Appellant seems to be of the opinion that this quitclaim deed from Charles G. Spreng gives her the right to maintain this action any time and recover one-half of the property from anyone who may now own it, regardless of the fact that the present owners are innocent purchasers for value and without notice of her alleged claim.

This is certainly not the law. The quitclaim deed that she holds from Charles G. Spreng describing the property in question is of no more value to her in obtaining an interest in this property than would be a quitclaim deed signed by "King Tutt" or "Old King Cole" because neither of them, like Charles G. Spreng, had any interest in the property.

Under no conceivable theory, that we know of, would it ever be possible for appellant to prevail in this action.

This action should never have been commenced in the superior court, much less appealed, after an adverse decision by that court, and thereby add to the already badly congested calendars of the Appellate and Supreme Courts.

The judgment of dismissal is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.