[L. A. No. 17900. In Bank. Apr. 22, 1942.]

CHARLIE GRIER WHEELAND, as Administrator with the Will Annexed, etc., Appellant, v. CLARENCE S. RODGERS et al., Respondents.

E. S. Patterson, Aubry Miller and Don F. Tyler for Appellant.

V. A. Morgan for Respondents.

CARTER, J.—Plaintiff, as the administrator with the will annexed of the estate of his mother, Lena P. Rodgers, deceased, brought an action against defendant, Clarence S. Rodgers, the surviving husband of the decedent, and others, asserting a claim to certain property held by said defendant.

From a judgment in favor of defendant, Clarence S. Rodgers, plaintiff appeals.

Decedent and defendant Clarence S. Rodgers were married in 1911. At that time defendant owned, as his separate property, real property consisting of a lot upon which was located a brick house. Defendant followed his vocation of foreman bricklayer in which he earned $7.00 to $8.00, and sometimes as high as $14.00 per day, until his retirement in 1929. On August 23, 1920, a joint tenancy savings bank account was opened by defendant and decedent. Defendant informed decedent that he would sell the brick house property and place the proceeds thereof in the joint tenancy account and use them to construct a new house on other real property which was the separate property of defendant, title thereto being in his name. To that decedent agreed. The sale was finally consummated in July, 1924. During 1924, funds obtained by defendant from the sale of his separate property were deposited in the joint tenancy account and used therefrom to construct the new house in which defendant and decedent resided until her death in 1937. Defendant is in possession of the new house. After his wife's death, he encumbered it with a trust deed given to his sister, one of the defendants herein, to secure a promissory note for $5,000. Certain furniture and household equipment had been given to decedent during her lifetime by plaintiff. Plaintiff claimed that because the funds for the construction of the new house were derived from the joint tenancy account, the decedent acquired a half interest therein as her separate property, which defendant now holds in trust for her estate; that the furniture being a gift to decedent was her separate property and now is an asset of her estate. The trial court found against those contentions, finding particularly as to the furniture that its value was "practically exhausted" and that defendant would be entitled to have it set aside to him as exempt property.

On this appeal plaintiff urges that defendant holds a half interest in the new house in trust for decedent's estate because it was paid for from the joint tenancy account, relying upon *Estate of Harris*, 9 Cal. (2d) 649 [72 P. (2d) 873]. That case held that where, in the absence of an agreement to the contrary, a husband and wife have a joint tenancy account and the husband purchases real property with it and takes it in his own name, the property is then owned by the

parties as tenants in common, the husband holding the legal title to a one-half interest therein in trust for his wife. In that case there was an agreement between the husband and wife that the property of each of them would be owned and held in joint tenancy by them. (*Estate of Harris,* 169 Cal. 725 [147 Pac. 967].) If the property purchased by the husband with the funds held in joint tenancy, is personal property, however, then that property so purchased is held in joint tenancy rather than tenancy in common, there being of course no agreement to the contrary. (*Estate of Harris, supra.*) The reason for the difference in the rule between real and personal property is that a joint tenancy in real property cannot be created by oral agreement. (Civ. Code, § 683; *Estate of Harris, supra.*) ▮ But in the instant case the parties agreed that the proceeds from the sale by the husband of his separate property, the brick house, would be used for the construction of a new house on the land of the husband, the separate property, and that to accomplish that result and while the new house was being constructed the money was placed in a joint tenancy account and was withdrawn therefrom and used for that purpose. The trial court found that the decedent never had or acquired any interest in the new house, and also: ''That prior to the time the dwelling house and garage (the new house) was constructed upon the parcel (described in the complaint) . . ., the defendant, . . . talked over the matter of its construction with his wife, . . ., and informed her that he would sell the 'brick house' in which they were then living and which was his separate property, and from the moneys received would build the new house; to which the said Lena P. Rodgers agreed; and following such agreement between the parties, the said Clarence S. Rodgers, did sell the brick house and another parcel, and did use said moneys to pay for the construction of said new house, though during said construction period said moneys were deposited in a joint bank account in the name of both parties.'' It should be mentioned that the deposit in the joint tenancy bank account was created prior to the enactment of section 15a of the California Bank Act, which provides that the making of a bank deposit in the form of a joint tenancy account with the right of survivorship shall be conclusive evidence of the intention of the depositors to vest title in the survivor. (Stats. 1909, p. 87, as amended [Stats. 1921, p. 1367]; Deering's Gen. Laws, 1937, Act 652; *Estate of Gaines,* 15 Cal.

(2d) 255 [100 P. (2d) 1055].) While the creation by defendant with his separate funds of a joint tenancy bank account gave rise to a presumption of a gift to decedent, his wife, the issue was a question of fact for the trial court and we are satisfied that the evidence contrary to that presumption is sufficient to support the implied finding that no gift was made, and the wife, decedent, did not become vested with any title. That being the case, it follows that neither she nor her successors acquired any interest in or claim against the new house. The Harris case, *supra,* has no application because there the joint tenancy relation was founded upon the agreement of the parties.

Furthermore, even if it be assumed that the creation of the joint tenancy bank account amounted to a gift by defendant to decedent of his separate property, it is clear that plaintiff cannot prevail. It has been held that, in the absence of an agreement to the contrary, where improvements are made upon the husband's separate real property with community funds, the improvements have the character of his separate property and belong to the husband. (See *Dunn* v. *Mullan,* 211 Cal. 583 [296 Pac. 604, 77 A. L. R. 1015].) However, when the funds are so paid out of the community assets without the wife's consent the wife is entitled to reimbursement upon the dissolution of the marriage and has a claim therefore against the property improved, the theory being that inasmuch as the husband is the manager of the community property, to permit him to use with impunity the community funds to improve his separate property would be a constructive fraud upon the wife. (*Dunn* v. *Mullan, supra; Provost* v. *Provost,* 102 Cal. App. 775 [283 Pac. 842]; *Callnon* v. *Callnon,* 7 Cal. App. (2d) 676 [46 P. (2d) 988]; *Spreng* v. *Spreng,* 119 Cal. App. 155 [6 P. (2d) 104].) But in the case at bar we are not concerned with community property over which the husband has control. The decedent's interest in the account held in joint tenancy was, if anything, a separate property interest in which the control of both husband and wife would be equal. Combined with that is the circumstance that the funds making up the account were his separate property and the decedent wife agreed that they were to be deposited in the account and thereafter used to improve the husband's separate property. Under those circumstances the court was justified in holding that she ac-

quired no interest in the new house or the land upon which it was erected.

Plaintiff asserts that the finding that the new house cost $3,500 is not supported by the evidence. Suffice it to state that there is merely a conflict in the evidence on that subject which the trial court resolved against the plaintiff. There being evidence to support the finding, we are not concerned with the conflict.

■ It is claimed that the trial court erred in failing to order the delivery of the furniture to the plaintiff as administrator of the decedent's estate. It was her separate property, but it was household furniture, and inasmuch as defendant is a surviving spouse, he is entitled to remain in possession of it until an inventory is filed in the estate proceeding, and then it may be set apart to him by the probate court. (Pro. Code, § 660.)

Plaintiff urges that the trust deed executed by defendant to his sister upon the real property in question, is invalid, but in view of the conclusion we have heretofore reached, that decedent had no interest in this property, consideration of that claim is unnecessary.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.