[Civ. No. 39183. Second Dist., Div. Five. Nov. 17, 1972.]

In re the Marriage of VIRGINIA D.
and ORREN P. WARREN.
VIRGINIA D. WARREN, Respondent, v.
ORREN P. WARREN, Appellant.

778

## COUNSEL

Armstrong & Lloyd, Orville A. Armstrong and Tredway, Brandmeyer & Ward for Appellant.

Ardis, Nichols & Lehn and Robert F. Nichols, Jr., for Respondent.

## OPINION

**ASHBY, J.**—This appeal is taken by the appellant-husband (hereinafter, appellant) from an interlocutory judgment of dissolution of marriage granted to the respondent-wife (hereinafter, respondent). Appellant does not contest the divorce. He objects to determinations of the trial court relating to: the amount of reimbursement to the community for improvement of the respondent's separate real property, assignment to him of a certain community asset, the existence of a certain community debt and reimbursement due to the community for income tax obligations paid from the community and incurred from respondent's separate property income.

The parties have no minor children and respondent waived her right to spousal support. In dividing the extensive assets of the parties accumulated during this 33-year marriage, the court awarded stock in the family business to appellant, the residences to respondent and made adjustments for reimbursements due to each party's separate property and to the community. In order to provide for an equal division of the community property after

the assets were distributed, the court ordered appellant to execute a promissory note in favor of respondent in the amount of $90,339.63.

Appellant's contentions that there exists additional community reimbursement due from respondent's separate property, and that there exists a community asset not found by the court, if meritorious, would operate to reduce the amount of his indebtedness to respondent.

## I.

■ Appellant's first assignment of error is that a finding of fact is in conflict with a stipulation made by the parties. The finding in question concerns the amount of reimbursement due the community for funds expended by appellant to construct a building on respondent's separate real property.

The parties entered into a stipulation that $38,000 of community funds were used to improve respondent's separate real property located at 8313-17 Firestone Boulevard in Downey, California. During the trial, appellant testified that the building was worth $33,952. The trial court found as a fact: "That 8313-17 Firestone Boulevard, Downey, California, was improved during the course of the marriage by the construction of a building thereon in connection with which building, community funds in the sum of $33,952 were used. That neither of the parties intended that said community funds be a gift to the petitioner."

This finding is in conflict with the evidence as well as with the stipulation. The sum of $33,952 represents evidence of the value of the property at the time of the trial. The only evidence on amount expended was consistent with the $38,000 stipulation.

Respondent concedes that $38,000 was the amount expended, but argues as follows that the sum of $33,952 was the correct amount for community reimbursement: "Again, the issue before the court was not the community contribution in the early 1950's but what benefit was derived as measured at the time of trial."

It is only by the light of the distinction to be drawn between improvement of the separate property of the wife as opposed to that of the husband that the issue of amount of reimbursement can be made clear. Where the husband improves his own real property a form of the doctrine of tracing applies in order to prevent him from profiting from a constructive breach of his fiduciary duty to his wife. However, where the husband improves the wife's separate property, there is no tracing and any reimbursement is made solely on the basis of the agreement to reimburse. Whereas tracing

results in an equity interest in the property obtained, an agreement to reimburse results in a debt interest for a specific amount expended.

When the manager of community personal property uses it to improve separate real property and a claim to the property is made on behalf of the community, there occurs an apparent conflict resulting from the tracing requirement of community property law and the merger doctrine of the law of real property fixtures. Where the husband uses community funds to improve the wife's separate real property, in the absence of any specific agreement, the law gives no right to reimbursement. (*Shaw* v. *Bernal,* 163 Cal. 262, 267-268 [124 P. 1012]; *Peck* v. *Brummagim,* 31 Cal. 440, 448-449; *Carlson* v. *Carlson,* 10 Cal.App. 300, 303 [101 P. 923].)

The rationale is that since the husband is the manager of the community, his use of it to improve the wife's separate property, in the absence of an agreement to reimburse, constitutes a presumed gift. Although this rationale made the fixtures rule of merger unnecessary, that rule is nevertheless cited in support of the decision not to trace to the source.[1]

In *Provost* v. *Provost,* 102 Cal.App. 775, 781 [283 P. 842], the husband used the community to improve his own separate real property. The court realized that where the husband improved his own separate land "consent cannot be presumed from the wife's mere silence, for the law has given her no right to say 'no'." With regard to the other rationale in support of not tracing—the fixture rule—the court noted that the merger doctrine would result in at least a constructive fraud and "permit the authority of the husband in controlling the community property, given him in the interest of greater freedom in its use and for its transfer for the benefit of both himself and his wife, to become a weapon to be used by him to rob her of every vestige of interest in the community property with which the law has expressly invested her."

*Provost, supra,* then harmonized the tracing—fixtures conflict. It concluded that, although the doctrine of fixtures precluded any title to the

---

[1]Comment (1962) 50 California Law Review 844 at page 845 points out that there need be no conflict between tracing rules and fixture requirements because, although the merger rule of fixtures vests title to the improvement in the landowner, tracing can nevertheless be used to give to the community a right of reimbursement. It is only where title to the improved land is in a third party that the rules of real property and community property come into conflict. In *Smith* v. *Smith,* 12 Cal. 216, the land belonged to a third party and tracing was applied to give the wife a reimbursement right in half of the community used to improve the land. The husband was given no reimbursement right for his half of the community so used because his expenditure of the money was held to constitute his consent to make a gift of his share.

real property from being in the marital community, nevertheless, the doctrine of tracing as well as the husband's fiduciary duty required that the marital community be reimbursed.

*Fields* v. *Michael,* 91 Cal.App.2d 443, 447 [205 P.2d 402], explains the fiduciary position that the husband occupies toward the wife in his management of community property. "It is clear that, being a party to the confidential relationship of marriage, the husband must, for some purposes at least, be deemed a trustee for his wife in respect to their common property."

*Dunn* v. *Mullan,* 211 Cal. 583, 590 [296 P. 604, 77 A.L.R. 1015], refers to the constructive fraud rationale in support of tracing. "In California a distinction is made between the case where, as here, the husband has improved his wife's lands with community funds and where he has improved his own lands with community funds. In the former case he is presumed to have intended a gift. In the latter case a right of reimbursement is granted to the wife upon the theory that to permit a husband to appropriate the community property under his management to his own separate use operates as a constructive fraud upon his wife."

*Wheeland* v. *Rodgers,* 20 Cal.2d 218, 222 [124 P.2d 816], also uses the constructive breach of fiduciary duty rationale. "However, when the funds are so paid out of the community assets without the wife's consent the wife is entitled to reimbursement upon the dissolution of the marriage and has a claim therefore against the property improved, the theory being that inasmuch as the husband is the manager of the community property, to permit him to use with impunity the community funds to improve his separate property would be a constructive fraud upon the wife."

Thus, when the husband attempted to improve his own land with community funds the court refused to blindly apply the annexation rule of fixtures, and gave the wife a reimbursement right based upon the source doctrine of tracing and upon the husband's constructive breach of fiduciary duty. Since reimbursement is based upon commingling constituting a constructive breach of trust and upon an equity interest gained from tracing, the injured wife is entitled to either the amount expended or the value added—whichever is greater, so that there will be no benefit from the breach of trust. (See Civ. Code, § 2236.)

*Estate of Barreiro,* 86 Cal.App. 764 [261 P. 509], which was decided prior to the enunciation of the rule of reimbursement by agreement in *Provost* v. *Provost, supra,* 102 Cal.App. 775, at page 781, is not persuasive as contrary authority. That case contains dictum to the effect that if there

were reimbursement to the community for improvements made by the husband on the property of the wife, it would be in the amount of the value added. The court went on, at page 767, to state: "Whether the right to reimbursement exists in such cases is a question not at all involved in this proceeding and we express no opinion thereon."

It is clear that the amount of reimbursement in the case of an agreement must be the amount expended. Therefore, the figure should have been $38,000, in accordance with the stipulation.

## II.

Appellant next asserts that a certain community asset created by his loan of community funds to his brother "[b]ecause of its highly questionable . . . nature, . . . should be divided equally between the parties or entirely disregarded as an asset in the division of the community property by the court." He contends the court's decision to award the debt to him constituted a violation of the equal division mandate of Civil Code section 4800, subdivision (b)(2).

Appellant loaned $34,000 of community funds to his brother and took a promissory note from him in that amount dated March 15, 1962. By December 20, 1963, the note was paid down to the sum of $14,761, and a new promissory note in the amount of the balance due was drawn, dated March 23, 1964, with no interest payable for one year and a due date of March 23, 1972. The notes contain no schedule for installment payments of principal or a standard default paragraph.

Appellant contends that this debt should not be regarded as an asset because his brother has "disappeared." However, there is no indication in the record that appellant has made any effort whatever to collect the debt. Since the statute of limitations has not yet run, this debt is still an asset under the law.

Civil Code section 4800, subdivision (b), subsection (1) provides: "Where economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property." In view of the nature of the loan transaction, and the appellant's relationship to the debtor, the assignment made of this asset was clearly within the court's statutory discretion. There is no requirement that each asset be divided but merely that there be a mathematical equality in which the court, in its discretion, may utilize the single asset provision under the Family Law Act. (*In re Marriage of Juick,* 21 Cal. App.3d 421, 428 [98 Cal.Rptr. 324].)

## III.

Appellant next assigns as error the trial court's failure to find that there existed a community property debt owed to Downey Machine Company, Inc., a corporation principally owned and operated by the Warren family. The evidence of this debt consisted of the appellant's testimony referring to an exhibit which is an appraisal of Downey Machine Company and which sets forth a balance sheet entry of $15,703.70, as a debt owing to the corporation from appellant.

We do not agree that this evidence, as a matter of law, requires a finding that the debt exists. Since appellant was the party who asserted the existence of the debt, it was he who had the burden of producing evidence. In view of the fact that no promissory note was produced, the trial court could properly conclude that the appellant did not carry *his burden of proving* an enforceable legal obligation.

## IV.

Appellant's last assignment of error is his allegation that "[t]he failure of the trial court to make a finding in regard to the expenditure of monies from community assets to pay taxes on Respondent wife's separate property income constitutes a failure to make a finding on a material issue." He then cites a portion of Code of Civil Procedure section 632 which provides: "Where findings are required, they shall fairly disclose the court's determination of all issues of fact in the case."

Appellant argues that the tax reimbursement issue was material in that it was contained in the "Pretrial Stipulation Regarding Admitted Facts, Issues and Contentions Of The Parties," and that he requested written findings of fact and conclusions of law which, as issued by the trial court, did not contain a finding on that issue. Appellant cannot assign the failure to make this finding as error because he never requested *this particular finding* nor did he point out to the trial court its omission. In addition, appellant's own testimony did not support the community's right to tax payment reimbursement.

Code of Civil Procedure section 632 must be read together with section 634[2] in order to determine when special findings are, in fact, required.

[2]Section 634. "When written findings and conclusions are required, and the court has not made findings as to all facts necessary to support the judgment or a finding on a material issue of fact is ambiguous or conflicting, and the record shows that such omission, ambiguity or conflict was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal or upon a motion under Section 657 or 663 that the trial court found in favor of the prevailing party as to such facts or on such issue."

Section 634 provides that findings in support of the judgment can be inferred by the appellate court unless they were requested, omitted, and the omission was brought to the attention of the trial court either prior to entry of judgment or afterward.

*Calloway* v. *Downie,* 195 Cal.App.2d 348, 353 [15 Cal.Rptr. 747] states the requirements of sections 632 and 634 thusly. "Section 632 of the Code of Civil Procedure requires that findings shall 'fairly disclose the court's determination of all issues of fact. . . .' The prohibition of section 634 of the Code of Civil Procedure against inferred findings applies if the party attacking the judgment requested a specific finding on the issue in question. (34 State Bar J., p. 638.) The purpose of the legislation was to compel trial judges to make findings on all material issues of fact. (34 State Bar J., p. 156; see *Lewetzow* v. *Sapiro,* 188 Cal.App.2d 841 [11 Cal.Rptr. 126].)"

At the trial court level appellant did not request a special finding on the issue of reimbursement due the community for payment of tax paid on income from the respondent's separate property, nor did he point out the asserted omission. Without such a request on his part the requirement of section 632 does not apply. (*Auer* v. *Frank,* 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].) The sections relating to findings were enacted for the purpose of clarifying issues on appeal and not as a trap for the trial judge or the prevailing party.

In addition, we note that the record reveals no evidence in support of the contention that the community is entitled to such reimbursement. The appellant first asserted that his exhibit B constituted such evidence. However, this exhibit concerns payment of income taxes on an admitted community asset—the family business. Appellant, in fact, abandoned this contention in his reply brief.

After abandoning this contention appellant again sought to raise it by introducing additional evidence on appeal concerning the payment of the respondent's separate income tax obligations from community funds. We refused this motion to augment the record because appellant's own testimony indicated that income from the wife's separate property was mixed with income from the community in one account and out of that account came money for the income taxes. With this evidence appellant's contention with regard to income tax reimbursement is not and cannot be supported by any substantial evidence.

Therefore, the court was not required to make the finding for both of these reasons.

The findings of fact and conclusions of law are ordered modified to provide for a community credit of $38,000 rather than $33,952. Consequently, appellant is entitled to a credit of $19,000 rather than $16,967 as his proportionate share of community funds. His promissory note to respondent is ordered modified to reflect this credit.

In all other respects the judgment is affirmed. Each party to pay its own costs.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied December 5, 1972, and the opinion was modified to read as printed above.