**COMMISSIONER OF INTERNAL REVE-
NUE v. NEWCOMBE.**

No. 13182.

United States Court of Appeals
Ninth Circuit.

Feb. 16, 1953.

Ellis N. Slack, Acting Asst. Atty. Gen.,
A. F. Prescott and Walter Akerman, Jr.,
Sp. Assts. to Atty. Gen., for petitioner.

W. W. Wallace, Los Angeles, Cal., for
respondent.

Before STEPHENS, BONE and POPE,
Circuit Judges.

BONE, Circuit Judge.

This is a petition to review a Tax Court
decision holding that there is no deficiency
in respect of the income or victory tax
liability of respondent (petitioner below)
for 1943.[1] The calendar year 1942 is also
involved because of the forgiveness provi-
sions of the Current Tax Payment Act of
1943, 26 U.S.C.A. Int.Rev.Acts p. 385.

The facts are not in dispute. The hus-
band of the taxpayer, Warren Newcombe,
was formerly married to Hazel Newcombe.
Hazel obtained an interlocutory decree of
divorce from Warren in 1938. The decree
incorporated a property settlement agree-
ment previously executed by the parties.
Under the agreement and the decree War-
ren was required to pay ⅔ of his income to
Hazel each month for a period of nine
years.

In March of 1939 Warren Newcombe and
the taxpayer were married. They reside in
Los Angeles, California, and filed separate
income tax returns for 1942 and 1943 on a
community property basis. The income
thus reported consisted almost entirely of
salary received by Warren from his em-
ployment.

During the years 1942 and 1943 Warren,
pursuant to the divorce decree, made pay-
ments to Hazel in the respective amounts
of $18,954 and $21,060.60. In their income
tax returns for the two years the taxpayer
and Warren Newcombe each deducted one-
half of the alimony payments to Hazel as
their respective community shares of such
payments. In determining the deficiency
against respondent, the Commissioner held
that no part of the payments made by War-
ren to Hazel in 1942 and 1943 were allow-

1. The Tax Court rendered a memorandum opinion in the case which is reported at 10
10 T.C.M. 152.

able deductions from the taxpayer's income.

▉ It is conceded by the Commissioner that the payments were allowable as deductions to Warren under § 23(u) of the Internal Revenue Code, 26 U.S.C.A. § 23 (u). And there is no dispute that the obligation of Warren to pay alimony was collectible out of the community funds of Warren and the taxpayer. See Grolemund v. Cafferata, 17 Cal.2d 679, 111 P.2d 641; Odone v. Marzocchi, 34 Cal.2d 431, 440, 211 P.2d 297, 302, 212 P.2d 233, 17 A.L.R. 2d 1109.

▉ The narrow question presented is whether the deduction allowed by § 23(u) for payments of alimony can be claimed only by the former husband, or whether, upon his subsequent remarriage, it can be shared equally between husband and wife who report their income on a community property basis.

When the Supreme Court in Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239, held that married couples in community property states could split the income of the marital community between them for tax purposes, it followed as a logical corollary that the allowable deductions should also be divided between husband and wife. Stewart v. Commissioner, 5 Cir., 95 F.2d 821. Cf. Bishop v. Commissioner, 9 Cir., 152 F.2d 389.

The Commissioner contends that the wording of § 23(u) compels a different result as regards the deduction allowed for payments of alimony. Section 23(u) reads:

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

&ast; &ast; &ast; &ast; &ast; &ast;

"(u) Alimony, etc., payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is,

under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection."

The argument is that the word "husband" in this section is restrictive as to the person entitled to the deduction. It is urged that since deductions are matters of legislative grace and allowable to a taxpayer only where he brings himself squarely within the terms of the statute,[2] no part of the deduction allowed by § 23(u) can be claimed by respondent.

The Tax Court in deciding in favor of respondent followed its prior decision in the case of Sharon v. Commissioner, 10 T. C. 1177. In that case the Tax Court reasoned that the use of the word "husband" in § 23(u) was of little significance, since in none of the subdivisions of § 23 providing for deductions is there a provision that the deductions may be divided between husband and wife, and that such division is permitted solely out of recognition of the community property laws of the state. The Sharon case and the memorandum opinion in the instant case were recently followed in Godchaux v. United States, U.S.D.C., E.D.La., 102 F.Supp. 266, with very little discussion of the particular question here involved.

The Commissioner contends that the opinion in the Sharon case (the only case cited which discusses the problem) is "demonstrably specious," since reference to state law is permitted only where the statute authorizes a deduction in general terms or indefinite language without exact specification of the recipient. It is pointed out that the other subsections of § 23, unlike § 23(u), identify the person entitled to the deductions by such general terms as "taxpayer," "individual," "person" or upon the basis of "payment" of the deductible item, so that reference to state law is essential to determine what persons fall within the general terms of the subsections.

We are of the opinion that the Tax Court

2. Deputy v. duPont, 308 U.S. 488, 493, 30 S.Ct. 363, 84 L.Ed. 416; White v. United States, 305 U.S. 281, 292, 59 S. Ct. 179, 83 L.Ed. 172; Jones v. C. I. R., 9 Cir., 103 F.2d 681.

130

correctly decided this question. Determination of the meaning of § 23(u) requires reference to § 22(k) of the Internal Revenue Code, 26 U.S.C.A. § 22(k), for § 23(u) provides that there shall be allowed as deductions "In the case of *a husband described in section 22(k)*, amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year." (Emphasis ours.) In § 22(k) the circumstances under which payments made to the former wife are includible in her gross income are set out in detail.[3] The terms "husband" and "wife" in the section were undoubtedly used simply as convenient terms for describing the persons involved in the transactions therein specified. We cannot see how more general terms could have been used without making the section either very ambiguous or very cumbersome. And in § 23(u) the reference to "a husband described in section 22(k)" appears to be nothing more than an expeditious means of incorporating by reference the provisions of § 22(k) to indicate the circumstances under which a deduction will be allowed.

Construing the two sections together, we do not believe the use of the word "husband" in § 23(u) is of such consequence that the section should be regarded as allowing a deduction which, unlike all others, is not subject to division between husband and wife where the deduction arises from payments out of community funds in satisfaction of an obligation collectible out of the property of the marital community. It would be rather surprising to find that

Congress intended to make an exception to the otherwise uniform recognition of the community property laws of the states in the case of the single class of deductions allowed in § 23(u), and we are unable to conclude that this was the intent in the absence of a clearer mandate than appears in the language of that section.

■ The legislative history of § 23(u) is not helpful. The Congressional Committee Reports, on which the Commissioner relies, reveal only that the purpose of the section was to relieve the husband from the hardship imposed by the prior law which allowed him no deduction for payments of alimony.[4] The construction we have given § 23(u) is not inconsistent with such purpose.

Our conclusion as to the meaning of § 23 (u) is supported by a consideration of the provisions of § 22(k) and § 171(a) of the Internal Revenue Code, 26 U.S.C.A. §§ 22 (k), 171(a), relating to transfers of property for the benefit of the former wife. These provisions, as well as § 23(u), became law in § 120 of the Revenue Act of 1942. Under § 22(k) periodic payments of alimony which are attributable to property transferred, in trust or otherwise, in discharge of the legal obligations of the husband are not includible in the gross income of the husband. Prior to the enactment of this provision, the divorced husband was taxed on income from property so transferred. Douglas v. Willcutts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3; Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665. In § 171(a) it is provided that the income of

3. "§ 22. Gross Income.
* * * * *
"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in

the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *"

4. See H.Rep.No.2333, 77th Cong., 2d Sess., pp. 46, 71–73 (1942–2 Cum.Bull. 372, 409, 427–428); S.Rep.No.1631, 77th Cong., 2d Sess., pp. 83–87 (1942–2 Cum. Bull. 504, 568–570):

a trust which a divorced wife is entitled to receive is not includible in the gross income of the former husband, even though under §§ 166 and 167 of the Internal Revenue Code, 26 U.S.C.A. §§ 166, 167, such income would otherwise be taxable to the husband because of retention of control by him over the trust.

Let us assume for purposes of illustration that in this case Warren Newcombe, instead of paying alimony directly to his former wife, had transferred community property of himself and the respondent in trust to pay such obligation. It is plain that prior to 1942 the income from this property would have been taxed one-half to Warren and one-half to respondent, since it would have been community income used to pay a nondeductible obligation collectible out of community funds. The effect of §§ 22(k) and 171(a), then, was to reduce the gross income of the marital community for tax purposes by the amount of the income from the property which is received by the former wife, and thus to diminish the gross income of each spouse by one-half this amount.

If the Commissioner's argument is accepted, the tax effect of the alimony provisions would depend upon the means chosen by the husband to pay his obligations to his former wife. If he transferred community property in trust for this purpose, he and his present wife would share in the diminution of taxable income. If, on the other hand, he chose to pay alimony out of his earnings, he alone would be entitled to the deduction. This anomaly would result from the fact that in the former case the payment would be "not includible," in the latter case "deductible." While such oddities in tax consequences are not altogether uncommon, they should not be inferred where the statute does not plainly require them.

The Commissioner also relies upon Treasury Regulations 111, § 29.23(u)-1, the pertinent portion of which reads:

"* * * The deduction under section 23(u) is allowed only to the obligor spouse. It is not allowed to an estate, trust, corporation, or any other person who may pay the alimony obligation of such obligor spouse. * *"

This regulation does not reach the problem before us. It plainly refers to payments by a third person on the husband's behalf. Here the alimony was neither "paid" by a third person nor was it, strictly speaking, paid on the husband's behalf. Here the obligation to pay alimony was collectible out of the community property of Warren Newcombe and the taxpayer. The husband, having management and control of the community funds, paid the obligation on behalf of the community. The wife did not pay it. The deduction is allowed one-half to the wife solely out of recognition for tax purposes of the concept of community net income, i. e., community gross income less deductible community expenditures and disbursements.

The decision of the Tax Court is affirmed.