WILLIAM FIELD MILLER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11722–79.     Filed March 10, 1980.

*William R. Nicholas* and *John H. Hall,* for the petitioner.
*Marc J. Winter,* for the respondent.

### OPINION

FEATHERSTON, *Judge:* On November 8, 1979, petitioner filed a motion for summary judgment in this case which involves deficiencies in the amounts of $4,473 and $3,599.75 for 1975 and 1976, respectively. In support of the motion, he filed an affidavit

together with a memorandum of points and authorities. Respondent has objected to the motion.

The issues for decision are:

(1) Whether petitioner is entitled under section 911(a)[1] to exclude from his gross income the sum of $19,830, which is his entire one-half share of the community income of himself and his wife for 1975, and $14,890.71 of his one-half share of the community income for 1976.

(2) Whether petitioner is entitled to deduct more than one-half of both his alimony payments to his former wife and his other itemized expenses for 1975 and 1976.

After careful consideration, we conclude that there are no genuine issues of material fact as to the first issue and that petitioner's motion for summary judgment with respect to that issue will be granted. However, in our view, there are genuine issues of material fact as to the second issue. Accordingly, petitioner's motion for summary judgment with respect to the second issue will be denied.

Petitioner was a legal resident of Canoga Park, Calif., at the time the petition was filed. He filed Federal income tax returns for 1975 and 1976 with the Offices of the Internal Revenue Service at Philadelphia, Pa., and Fresno, Calif., respectively.

### 1. Section 911(a) Exclusion

Respondent concedes that petitioner's affidavit sets forth the facts material to this issue. During all of 1975 and 1976, petitioner was a United States citizen. He resided outside the United States during all of 1972, 1973, and 1974. From January 1, 1975, through August 5, 1976, petitioner was a bona fide resident of Belgium and was a full-time employee of Hughes Aircraft International Service Co. (Hughes).

On June 17, 1972, petitioner married Maria A. Miller (Maria), who was a citizen of Germany at all times relevant here. From January 1, 1975, through August 5, 1976, Maria resided with petitioner in Belgium. During all of 1975 and 1976, California was the marital domicile of petitioner and Maria. From August 6, 1976 through the end of 1976, petitioner was a resident of California.

---

[1]All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.

Hughes paid petitioner $39,660 in 1975 and $32,051.46 in 1976 for services performed in foreign countries in the year of payment. These amounts, which constituted earned income, were the community property of petitioner and Maria. On his separate income tax returns, petitioner excluded the full amount of his community one-half share of his Hughes compensation for 1975 ($19,830) and $14,890.71 of his community one-half share for 1976 ($16,025.73). Respondent determined that the exclusions were limited to $12,500 and $7,445.36 for these respective years.

Under section 911(a),[2] in the form in which it was in effect in 1975 and 1976, an individual citizen of the United States who is a bona fide resident of one or more foreign countries for an uninterrupted period which includes an entire taxable year shall exclude from his gross income certain income received from sources outside the United States. In the case of a citizen who has been a bona fide resident of one or more foreign countries for an uninterrupted period of 3 consecutive years prior to the taxable year, the exclusion is limited to an amount computed on a daily basis at an annual rate of $25,000. Sec. 911(c)(1)(B).[3]

Section 911(c)(3)[4] expressly provides that the aggregate

---

[2] SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.

(a) General Rule.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) Bona fide resident of foreign country.—In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c).

Subsec. (a) was amended by Pub. L. 95–615, 92 Stat. 3097, applicable generally to taxable years beginning after Dec. 31, 1977.

[3] Sec. 911(c)(1)(B) provides as follows:

(c) Special Rules.—For purposes of computing the amount excludable under subsection (a), the following rules shall apply:

(1) Limitations on amount of exclusion.—The amount excluded from the gross income of an individual under subsection (a) for any taxable year shall not exceed an amount which shall be computed on a daily basis at an annual rate of—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(B) $25,000 in the case of an individual who qualifies under subsection (a)(1), but only with respect to that portion of such taxable year occurring after such individual has been a bona fide resident of a foreign country or countries for an uninterrupted period of 3 consecutive years.

Par. (1) was amended by Pub. L. 94–455, 90 Stat. 1520, as amended by Pub. L. 95–30, 91 Stat. 127, effective for taxable years beginning after Dec. 31, 1976, and by Pub. L. 95–615, 92 Stat. 3097, applicable generally to taxable years beginning after Dec. 31, 1977.

[4] Sec. 911(c)(3) provides as follows:

(3) Treatment of community income.—In applying paragraph (1) with respect to amounts received for services performed by a husband or wife which are community income under community property

amount excludable from the gross income of a husband and wife is to be neither increased nor decreased by operation of community property law. For a taxpayer whose spouse is a nonresident alien not subject to United States taxes (see subpart A, part II, of subchapter N) and whose marital domicile is in a community property jurisdiction, the income tax regulations allow an exclusion of only one-half of the amount otherwise excludable under section 911(a) and (c)(1)(B). Sec. 1.911–2(d)(4)(ii), example (5), Income Tax Regs.[5] In *Bottome v. Commissioner*, 58 T.C. 212, 217 (1972), affd. per curiam 486 F.2d 1314 (D.C. Cir. 1973), however, this Court held that portion of the regulations invalid, stating in part:

With respect to section 911(c)(3) it is provided that of amounts earned by a husband or wife which are community income, the amount excludable from the gross income of such husband *and* wife shall equal the amount excludable if such amounts did not constitute community income. The Commissioner seizes on the word "and," arguing that in order for the full amount of the exclusion to be usable, both the husband and wife must somehow have to report all the income in the first place. Here, of course, the wife, being a nonresident alien, was not required by the internal revenue laws to report her one-half share of the community income for Federal income tax purposes. We do not think this fortuitous circumstance precludes petitioner from using the full exclusion allowed by section 911. As the court said in commenting on this section in *Renoir v. Commissioner*, 321 F.2d 605, 607 (C.A. 9, 1963):

"We think that it was the intent of Congress that there be one exclusion in any one taxable year from the total amount received abroad in that year, regardless of how that amount is subsequently reported by the individual taxpayers involved.[6]"

---

laws applicable to such income, the aggregate amount excludable under subsection (a) from the gross income of such husband and wife shall equal the amount which would be excludable if such amounts did not constitute such community income.

[5]Sec. 1.911–2(d)(4)(ii), example (5), Income Tax Regs., provides as follows:

*Example (5).* H, a United States citizen who files his returns for the calendar year using a cash receipts and disbursements method of accounting is privately employed and a bona fide resident of Scotland for his entire taxable year 1963. H receives $50,000 during his taxable year 1963 for services performed abroad during such taxable year. W, the wife of H, is a nonresident alien who has never been present in the United States and earns no income of her own. H and W's marital domicile is in a community property jurisdiction. One-half of H's earnings ($25,000) belong to W under community property laws and W is exempt from tax on such amount because it is income from sources without the United States. The division of income, however, also divides the exemption provided under paragraph (a) of this section. Thus, the amount excludable by H from his gross income under paragraph (a) of this section is limited to $10,000; the remaining $15,000 is includible in H's gross income.

[6]Unless a United States citizen and his nonresident alien spouse elect under sec. 6013(g) to file a joint return and be taxed on their worldwide income, sec. 879, added by Pub. L. 94–455, 90 Stat. 1520, effective for taxable years beginning after Dec. 31, 1976, provides:

Respondent concedes that the law, as interpreted in *Bottome*, compels a holding for petitioner but argues that a more recent District Court case upholding the regulation (*Emery v. United States*, 35 AFTR 2d 75-1328, 75-2 USTC par. 9533 (S.D. Cal. 1975)), presents the better view. This Court has reiterated its conclusion in *Bottome* (see *Reese v. Commissioner*, 64 T.C. 395, 396 n. 2 (1975)), and respondent has advanced no substantial reason why we should depart from that rule. Accordingly, petitioner's motion for summary judgment will be granted with respect to this issue.

## 2. *Alimony and Other Deductions*

Petitioner bases his claim to the disputed deductions on the facts set forth in his affidavit. Until his retirement in 1963, petitioner was an officer of the United States Air Force. He received $8,329.05 in 1975 and $8,972.38 in 1976 as Air Force pension payments, which constituted his separate property.

Under an order of the Superior Court of the State of California dated May 5, 1972, as modified March 20, 1975, petitioner paid his former wife, Janet Ruth Warner, alimony of $5,500 in 1975 and $6,000 in 1976. In 1975 and 1976, he also paid the following expenses:

---

SEC. 879. TAX TREATMENT OF CERTAIN COMMUNITY INCOME IN THE CASE OF A RESIDENT OR CITIZEN OF THE UNITED STATES WHO IS MARRIED TO A NONRESIDENT ALIEN INDIVIDUAL.

(a) GENERAL RULE.—In the case of a citizen or resident of the United States who is married to a nonresident alien individual and who has community income for the taxable year, such community income shall be treated as follows:

(1) Earned income (within the meaning of section 911(b)), other than trade or business income and a partner's distributive share of partnership income, shall be treated as the income of the spouse who rendered the personal services,

As the legislative history indicates, Congress wished to eliminate the following tax advantages which prior law granted certain taxpayers (S. Rept. 94-938, 94th Cong., 2d Sess. (1976), 1976-3 C.B. (Vol. 3) 57, 251):

"First, the foreign source income attributable to the nonresident alien spouse is not subject to any U.S. taxation. Second, if the taxpayers are subject to community property rules, one-half of the earned income of the taxable spouse is treated as being the income of the nonresident alien spouse and is not subject to U.S. taxation if it is from foreign sources."

Because the nonresident alien spouse's community one-half share of income earned abroad by the other spouse is no longer not reportable, current law thus effectively limits to taxable years beginning on or before Dec. 31, 1976, the result in *Bottome v. Commissioner*, 58 T.C. 212 (1972), affd. per curiam 486 F.2d 1314 (D.C. Cir. 1973).

|                          | 1975  | 1976       |
|--------------------------|-------|------------|
| Taxes                    | $191  | $1,727.82  |
| Interest                 | 600   | 6,578.84   |
| Political contributions  | 75    | ---        |
| Charitable contributions | ---   | 125.00     |

Petitioner deducted all of these expenses on his 1975 and 1976 Federal income tax returns. Respondent disallowed one-half of these deductions.

Stating that the obligation to pay alimony constitutes a separate, rather than community, debt, petitioner argues that he was required by California law to discharge that debt from separate income before invading community income. In both 1975 and 1976, his separate income from his pension was more than sufficient to discharge the debt. Under these circumstances, he maintains, use of community funds for alimony payments would have violated the fiduciary duty which he, as manager of the community, owed Maria. If such a violation occurred, California law would, he claims, automatically charge his separate funds with a debt to the community in the amount of the payments. Because the community funds would be treated not as the ultimate source of the payments but rather as a loan to the separate property, the payments would, as a matter of law, be made out of separate funds. In petitioner's view, division of the alimony deduction is thus improper.

Petitioner further states that his separate income was pooled with his community income as a source for payment of the other itemized expenses which, he concedes, constitute community expenses. He argues that respondent should treat a ratable portion of these deductions as paid from separate income and thus allow all of such portion in addition to one-half of the remaining deductions.

Respondent, on the other hand, does not accept petitioner's characterization of the fiduciary duty owed Maria. He maintains that the alimony and other itemized deductions must be equally divided between the spouses unless petitioner shows that he used his separate funds for these expenses.

We agree with respondent. The burden is on petitioner to disprove respondent's determination. *Welch v. Helvering*, 290 U.S. 111 (1933). To prevail, he must show that the expenses were paid from his separate property. Accord, *Allen v. Commissioner*, 22 T.C. 70, 77–78 (1954); *Clemens v. Commissioner*, 8 T.C. 121,

125 (1947). The affidavit, however, shows only that the alimony and part of the other expenses could have been, not that they actually were, paid from his separate income.

We cannot accept petitioner's theory that payment of alimony out of community funds would violate his fiduciary duty. The California cases which he cites state not that a debt arises at the time of payment but that, upon dissolution of the marriage, the wife is entitled to reimbursement for community funds used to improve the husband's separate property. *Dunn v. Mullan*, 211 Cal. 583, 296 P. 604, 607–608 (1931); see *Wheeland v. Rodgers*, 20 Cal. 2d 218, 124 P.2d 816, 819 (1942). *Bare v. Bare*, 256 Cal. App. 2d 684, 64 Cal. Rptr. 335, 338–339 (2d Dist. Ct. App. 1967); *Gelfand v. Gelfand*, 136 Cal. App. 448, 29 P.2d 271, 274 (3d Dist. Ct. App. 1934). The proposition set forth in these cases does not, in our view, apply to the issue whether a spouse is entitled to a Federal income tax deduction in a year prior to dissolution of the marriage.

Indeed, under California law, the community is liable for the debts of the husband, including alimony, whether such debts are contracted before or after the marriage. *Weinberg v. Weinberg*, 63 Cal. Rptr. 13, 432 P.2d 709, 711–712 (1967). Accord, Cal. Civ. Code secs. 5120, 5121 (West 1975). Hence a husband and wife filing separate Federal income tax returns may be entitled to split the deduction for alimony paid to a former spouse. *Commissioner v. Newcombe*, 203 F.2d 128, 129–131 (9th Cir. 1953), affg. a Memorandum Opinion of this Court. Petitioner is, therefore, mistaken in his argument that the alimony deduction may not be divided between the spouses.

To reflect the foregoing,

*An appropriate order will be issued.*