THEODORE F. POPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pope v. Commissioner
Docket Nos. 677-75, 14204-78, 3806-79.
United States Tax Court
T.C. Memo 1980-332; 1980 Tax Ct. Memo LEXIS 253; 40 T.C.M. (CCH) 1045; T.C.M. (RIA) 80332; August 25, 1980, Filed Robert Penley, for the petitioner. Thomas H. Catalano, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Year
Deficiency
1972
$ 1,204
1973
6,664
1974
14,995$
1975
1,780
The issues for our determination are (1) whether, for the years at issue, petitioner was domiciled in California, a community property jurisdiction, thereby entitling him to attribute one-half of his income to his nonresident alien wife and (2) whether, if we find that petitioner was domiciled in California for 1972 through 1975, petitioner is entitled to the full amount of the exclusion provided by section 911. [1]
*254 This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time he filed his petition, petitioner Thomas F. Pope resident at Taura, Yokosuka, Japan. For the years 1972 through 1975, petitioner timely filed individual Federal income tax returns with the Internal Revenue Service. Born in Columbus, Ohio in 1939, petitioner continued to reside there until 1957 when he entered the United States military service and listed Ohio as his home state. During 1958 and 1959, petitioner was in the Navy and was stationed in Long Beach, California. For approximately six months of each of those two years, petitioner cruised to the Far East. During 1960 and 1961, petitioner was stationed in Yokoska, Japan. On March 1, 1961, petitioner married a Japanese national at the American consulate in Yokahama, Janpan.Petitioner was discharged from military service in December, 1961. He then continued to reside in Japan with his wife until December, 1969. His visits to the United States between 1962 and 1969 included his traveling alone (1) to Long Beach, California *255 to attend insurance marketing school for five months during 1964; (2) to Missouri to attend an insurance convention for four days in 1968; (3) to Columbus, Ohio to visit his parents for three days in 1968; and (4) to California for three weeks in 1968 for the purpose of real estate investments. Petitioner purchased commercial real estate on July 25, 1968 which was later sold on August 31, 1974. In December, 1969, petitioner and his family moved to Long Beach, California where he rented a house for approximately eight months. On October 20, 1970, petitioner purchased a personal residence in San Diego, California and, exactly one year later, he sold that residence. The purpose of petitioner's stay in the United States involved his 18-month contract with R. T. Emery Insurance Agency (Agency) to establish insurance officers for the Agency and to hire and train sales-persons. In June, 1971, petitioner's wife and children returned to Japan and on October 26, 1971, petitioner joined them. From the remainder of 1971 through 1975, petitioner was in Japan in an insurance business named Theodore F. Pope Insurance. During the period 1974-1979, petitioner visited California three times *256 and Ohio twice. In 1974, petitioner and his family visited friends for 24 days in San Diego and El Cajon, California. In 1976 and in 1979, petitioner alone visited these same places in California for, respectively, 14 days and 45 days. Petitioner and his family visited Columbus, Ohio for eight days in 1974 and for six days in 1979.
Petitioner's wife, Kazue Pope, is and has been a citizen of Japan. On December 1, 1975, she submitted to the Internal Revenue Service a completed questionnaire in which she indicated, under penalty of perjury, that she expected to remain in the United States for a "VERY TEMPORARY" period and that she entered the United States to "VISIT AND TO BE WITH HUSBAND AT WORK CHANGE/STUDY." In addition, she stated that she did not change her original intention about the length of her stay in the United States. Petitioner never registered to vote in California. He has never belonged to any professional or fraternal organizations in California. Further, petitioner has not purchased any burial sites in California.
Petitioner secured California driver's licenses for the following periods: 1964-1967; 1970-1973; September, 1979-present. In addition, petitioner *257 has a valid Japanese driver's license first issued in 1961 and renewed at each expiration date.
For the years 1970 and 1971, petitioner filed a Form 540 (Resident) joint California individual income tax return. For the years 1972-1974, petitioner filed a Form 540 NR (Non-resident) joint California individual income tax return and each year attached the following statement regarding residency to his returns: "Taxpayers have been permanent residents of Japan since October 26, 1971. A California return is being filed to reflect their income and deductions from California sources." No income tax returns were filed for the years 1975 through 1978. Petitioner alleges that he had insufficient income from California to require filing a return for these years. With respect to his Federal income tax returns for the years 1972 through 1975, petitioner attached a Form 2555, Exemption of Income Earned Abroad, in which he claimed bona fide residence in Japan since October 26, 1971. In answer to question 6(a) on this form, which reads "State any contractual terms or other conditions relating to the length of your employment abroad," petitioner answered "DOES NOT APPLY." Further, in answer *258 to question 6(c), which reads, "Did you visa contain any limitations as to the length of your stay or employment in a foreign country," petitioner marked the box "No." Petitioner maintained the following bank accounts since 1961: 1961-1968
Bank of America, San Francisco,
California
1964-1965
Bank of America, Long Beach,
California
1968-present
Bank of America, El Cajon, California
1971-present
Bank of America, San Mateo, California
1/73-8/73
Bank of America, Koza, Japan
In 1964, petitioner acquired a California insurance salesman's license which has been renewed and which is currently valid and active. Moreover, in May 1971, petitioner executed a will in San Diego, California in which he named as executors San Diego Trust and Savings and Penley and Penley, attorneys. Petitioner never purchased any real estate in Japan. Petitioner's two children were registered at birth with the American consulate at Yokahama, Japan and were educated in English at United States Naval schools in Japan. Petitioner alleges he recently purchased a car which is garaged in San Diego County, California and that his present plans call for a permanent move, within the *259 next twelve months, for himself and his family to San Diego County where petitioner intends to engage in the insurance business. Japan was not, for the years in issue, a community property jurisdiction.
Petitioner argues that beginning in December 1969, he established his domicile in California, a vested right community property jurisdiction, and has not changed his domicile since that date. Therefore, he asserts, after splitting his income with his nonresident alien spouse pursuant to the community property laws of California, he received foreign source earned income of $15,609 in 1972, $25,784 in 1973, $21,856 in 1974, and $23,636 in 1975. Petitioner contends he is entitled to claim the maximum allowable exclusion for each year in issue, pursuant to the provisions of section 911. Respondent, by contrast, maintains that petitioner's domicile during 1972 through 1975 was Japan and not California. Alternatively, respondent argues that if we find that petitioner was domiciled in California for the years 1972-1975, he must also split the allowable section 911 exclusion so that he would be able to exclude from his gross income a maximum of $10,000 each for 1972 and 1973, $10,452 *260 for 1974 and $12,500 for 1975. We agree with respondent that petitioner was domiciled in Japan and not California during the taxable years at issue. [2]
Both parties agree that if petitioner was domiciled in California during the years at issue, one-half of his income would be attributable to his wife, a nonresident alien, and would not be subject to Federal income tax. See Hampton v. Commissioner, 38 T.C. 131, 135 (1962). The essential elements of domicile are residence in fact coupled with the purpose of making the place of residence one's home. Texas v. Florida, 306 U.S. 398, 424 (1939); Gates v. Commissioner, 199 F.2d 291, 294 (10th Cir. 1952), affg. a Memorandum Opinion of this Court. Once established, one's domicile continues despite a change in residence as long as one always *261 has a fixed and definite intent to return and to take up one's home there. By contrast, a floating intention to return will not prevent a new domicile from being acquired in the meantime. District of Columbia v. Murphy, 314 U.S. 441, 456 (1941); Texas v. Florida, supra at 425-427; Helvering v. Campbell, 139 F.2d 865, 869 (4th Cir. 1944), affg. a Memorandum Opinion of this Court. The question of domicile is one of fact and is determined by reviewing the many, and often conflicting, indicia of where a person's home is. District of Columbia v. Murphy, supra at 455. [3]
Petitioner claims that he became a resident of California in December, 1969 and that during 1972-1975, although residing in Japan, he continued to be domiciled in California. We find that petitioner did not establish a domicile in California in December, 1969. In addition, even had *262 petitioner established a California domicile in December, 1969, his domicile was Japan for the years in issue, 1972-1975. When petitioner was discharged from the military service in December, 1961, he established his Japanese domicile. Although he changed his residence to California in December, 1969, he appeared to have a fixed and definite idea of returning to Japan. His contract with the Agency was for 18 months and had the limited purpose of establishing the Agency's insurance offices and of hiring and training its sales personnel. In any event, on his return in October of 1971, petitioner clearly continued or reestablished his Japanese domicile. For the years at issue, petitioner was in the insurance business, under his own name, in Japan. Moreover, his wife and children lived with him in Japan. By contrast, petitioner never registered to vote in California, nor did he belong to any fraternal or professional organizations in California. While petitioner states that he always planned to return to California, and in fact within the next twelve months anticipates a permanent move to that state, such statements are of slight weight when they conflict with other facts. *263 Texas v. Florida, supra at 425. Moreover on his California returns for 1972 through 1974, petitioner stated that both he and his wife were permanent residents of Japan since October 26, 1971, indicating a contrary intention about his permanent home.
Essentially, although petitioner kept certain ties to California, and to Ohio, his intentions to return to California seem to us to be floating intentions. Compared to the roots petitioner maintained in Japan, these factors are less significant. Therefore, we find that, for 1972 through 1975, petitioner was domiciled in Japan. Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise stated.↩
2. Although we need not rule on the second issue in this case, our position on this matter has already been enunciated in Bottome v. Commissioner, 58 T.C. 212 (1972), affd. without published opinion 486 F.2d 1314 (D.C. Cir. 1973) and most recently in Miller v. Commissioner, 73 T.C. 1039↩ (1980).
3. See Kamikido v. Commissioner, T.C. Memo. 1979-402; Hall v. Commissioner, T.C. Memo. 1978-360; Pashby v. Commissioner, T.C. Memo. 1966-132; Niki v. Commissioner, T.C. Memo. 1963-133↩.