WILLIAM FIELD MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 11722-79
United States Tax Court
T.C. Memo 1981-427; 1981 Tax Ct. Memo LEXIS 320; 42 T.C.M. (CCH) 654; T.C.M. (RIA) 81427; August 12, 1981. *320 Held, petitioner is not entitled to deductions for alimony and other miscellaneous expenses in excess of the amounts allowed by respondent. William R. Nicholas and McGee Grigsby, for the petitioner. Marc J. Winter, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioner's 1975 and 1976 Federal income taxes of $ 4,473 and $ 3,599.75, respectively. After concessions, the sole issue for decision is whether petitioner is entitled to deductions for alimony and other miscellaneous expenses in excess of the amounts allowed by respondent. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. William Field Miller (hereinafter petitioner) resided in Canoga Park, California, when he filed his petition in this case. He filed his 1975 and 1976 Federal income tax returns with the Internal Revenue Service Centers at Philadelphia, Pennsylvania, and Fresno, California, respectively. During 1975 and 1976, petitioner was a United States citizen and was domiciled in California. On June 17, 1972, petitioner married Maria A. Miller (hereinafter Mrs. *321 Miller), a citizen of Germany. Their marital domicile was California during the years in issue. From 1972 until early August 1976, petitioner resided in Belgium. On August 6, 1976, he became a resident of California and resided there for the remainder of the year. During the period from January 1, 1975 to August 5, 1976, petitioner was an employee of Hughes Aircraft International Service Company (hereinafter Hughes). All amounts paid to petitioner by Hughes in 1975 and 1976 were community property. Petitioner retired from the United States Air Force in 1963. In 1975 and 1976, he received Air Force pension payments of $ 8,329.05 and $ 8,972.38, respectively. These payments were petitioner's separate property. In 1975 and 1976, petitioner paid his former wife, Janet Ruth Warner, alimony of $ 5,500 and $ 6,000, respectively, pursuant to an order of the Superior Court of the State of California, dated May 5, 1972, as modified March 20, 1975. Petitioner's obligation to pay alimony was his separate debt. On his 1975 and 1976 tax returns, petitioner claimed deductions for the alimony payments he made to his former wife. He also claimed deductions for the following expenses which *322 he had paid in those years. 1975
1976
Taxes
$ 191
$ 1,727.82
Interest
600
6,578.84
Political Contributions
75
Charitable Contributions
125.00
In the notice of deficiency, respondent disallowed one-half of each of the above deductions to reflect the community property division of petitioner's income. OPINION We must determine whether petitioner is entitled to deduct more than one-half of the amounts he paid for alimony and other miscellaneous expenses during the years in issue. Respondent maintains that the alimony and other miscellaneous deductions must be equally divided between petitioner and Mrs. Miller unless he establishes that he used his separate funds to pay those expenses. Respondent asserts that petitioner failed to prove that he paid such expenses from his separate property and, therefore, is not entitled to deduct more than one-half of those expenses. Petitioner, on the other hand, argues that he is entitled to deduct the full amount of the alimony he paid in 1975 and 1976. According to petitioner, since the obligation to pay alimony constitutes a separate debt, rather than a community debt, he was required by California *323 law to discharge that debt from his separate income before invading community income. Petitioner maintains that the use of community funds to make the alimony payments would have violated the fiduciary duty which he, as manager of the community, owed to Mrs. Miller because his separate income from the pension was sufficient to discharge that obligation in 1975 and 1976. Furthermore, petitioner asserts that even if such a violation occurred, a debt would automatically arise from his separate property to the community. Therefore, as a matter of law, the alimony payments would have been made from his separate funds because the community funds would be deemed to have been loaned to his separate property. In addition, although petitioner concedes that the other expenses in issue constitute community expenses, he argues that his separate income was pooled with his community income to pay such expenses, and, therefore, a ratable portion of those expenses should be considered to have been paid from his separate income. Thus, petitioner would be entitled to deduct such ratable portion in addition to one-half of the remaining amount of the expenses. We must hold for respondent. In Miller v. Commissioner, 73 T.C. 1039 (1980), *324 this Court, pursuant to petitioner's motion for summary judgment on this issue, rejected the same arguments asserted by petitioner above, stating: We agree with respondent. The burden is an petitioner to disprove respondent's determination. Welch v. Helvering expenses were paid from his separate property. Accord, Allen v. Commissioner, 22 T.C. 70, 77-78 (1954); Clemens v. Commissioner, 8 T.C. 121, 125 (1947). The affidavit, however, shows only that the alimony and part of the other expenses could have been, not that they actually were, paid from his separate income. We cannot accept petitioner's theory that payment of alimony out of community funds would violate his fiduciary duty. The California cases which he cites state not that a debt arises at the time of payment but that, upon dissolution of the marriage, the wife is entitled to reimbursement for community funds used to improve the husband's separate property. Dunn v. Mullan, 211 Cal. 583, 296 P. 604, 607-608 (1931); see Wheeland v. Rogers, 20 Cal. 2d 218, 124 P. 2d 816, 819 (1942). Bare v. Bare, 256 Cal. App. 2d 684, 64 Cal. Rptr. 335, 338-339 (2d Dist. Ct. App. 1967); *325 Gelfand v. Gelfand, 136 Cal. App. 448, 29 P. 2d 271, 274 (3d Dist. Ct. App. 1934). The proposition set forth in these cases does not, in our view, apply to the issue whether a spouse is entitled to a Federal income tax deduction in a year prior to dissolution of the marriage. Indeed, under California law, the community is liable for the debts of the husband, including alimony, whether such debts are contracted before or after the marriage. Weinberg v. Weinberg, 63 Cal. Rptr. 13, 432 P. 2d 709, 711-712 (1967). Accord, Cal. Civ. Code secs. 5120, 5121 (West 1975). Hence a husband and wife filing separate Federal income tax returns may be entitled to split the deduction for alimony paid to a former spouse. Commissioner v. Newcombe, 203 F.2d 128, 129-131 (9th Cir. 1953), affg. a Memorandum Opinion of this Court. Petitioner is, therefore, mistaken in his argument that the alimony deduction may not be divided between the spouses . [Emphasis added.] 73 T.C. at 1044-1045. Since the Court found that there were genuine issues of material fact as to whether petitioner was entitled to deductions *326 in excess of the amounts allowed by respondent, the motion for summary judgment on this issue was denied. The Court's opinion in Miller v. Commissioner, supra, clearly stated that petitioner must prove that the alimony and other expenses were actually paid from his separate property in order to be entitled to more than one-half of the claimed deductions. Nevertheless, petitioner has continued to rely on the memorandum of points and authorities that he filed pursuant to his motion for summary judgment on this issue and did not present any evidence which indicates that he paid the alimony and other expenses from his separate property. Accordingly, since petitioner failed to meet his burden of proof, we must sustain respondent's determination. To reflect the foregoing, Decision will be entered under Rule 155.